TASHIMA, Circuit Judge,
concurring in the judgment:
I do not agree that Blair v. Bethel School District, 608 F.3d 540 (9th Cir.2010), controls this case. Unlike Blair, this is not a case in which “the ‘adverse action’ being challenged ‘was taken by his [the plaintiffs] peers in the political arena.’ ” Maj. Op. at 675 (quoting Blair, 608 F.3d at 543). Also, unlike Blair, this is not a case in which “ ‘political officials [ ] cast votes in internal elections____’” Maj. Op. at 675 (quoting Blair, 608 F.3d at 544). And, while I agree with the majority that “city council members had the ... right to confirm a nominee they viewed as most fit for the municipal court judgeship,” id., that does not address, much less answer, the question of whether, as alleged by plaintiff, the city council had the right to refuse to confirm a nominee for an unconstitutional reason. I disagree with the majority’s conclusion that the removal of a *676 member from a “titular position” due to the internal politics of the Board in Blair, 608 F.3d at 546, is equivalent to “the defendants’ actions towards Chinn stemming] from his filing of a land use petition against the City of Spokane,” such that defendants’ “actions ‘did not amount to retaliation in violation of the First Amendment.’ ” Maj. Op. at 675.
Because Blair is not directly applicable to and does not control this case, I would avoid the difficult constitutional issues presented in this case and go directly to the immunity issues and hold that defendants who are members of the city council are entitled to absolute legislative immunity. See Community House v. City of Boise, 623 F.3d 945, 960-63 (9th Cir.2010). And, although it is a closer question, I would further hold that Mayor Verner also is entitled to legislative immunity. See id. at 963-64. Moreover, even if defendant Verner were not entitled to absolute legislative immunity, because a judicial nominee’s First Amendment rights in the context of the legislative confirmation process are not clearly established, I would alternatively hold that Mayor Verner is entitled to qualified immunity. See Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009).
For the above stated reasons, I agree with the majority that the judgment of the district court should be affirmed.